UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, | § § § | |
| *Plaintiff*, | § | |
| v. | § § | EP-24-CV-00156-DCG |
| 1) LA PATRONA SEAFOOD & CANTINA, LLC, individually, and d/b/a CIROS BAR & KITCHEN EAST and d/b/a CIRO'S MEXICAN CUISINE; and<br>2) LEOBALDA JIMENEZ, individually, and d/b/a CIROS BAR & KITCHEN EAST and d/b/a CIRO'S MEXICAN CUISINE,<br>*Defendants*. | § § § § § § § § § § § § | |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion for Default Judgment ("Motion"), ECF No. 32, with respect to Defendant La Patrona Seafood & Cantina, LLC, filed November 14, 2024. On December 2, 2025, Senior U.S. District Judge David C. Guaderrama ("Judge Guaderrama") referred this case to the undersigned in accordance with 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C to the Local Rules of the United States District Court for the Western District of Texas. (ECF No. 36). For the following reasons, the Court **RECOMMENDS** that Plaintiff's Motion be **DENIED** without prejudice.

**I.   BACKGROUND & PROCEDURAL HISTORY**

Defendants, a restaurant establishment and its owner, are alleged to have unlawfully intercepted and telecasted a boxing match without paying Plaintiff, a broadcasting licensee, the fee to do so. Compl. 4–5, ECF No. 1. On November 26, 2024, the Clerk of Court entered a default against Defendant Leobalda Jimenez ("Jimenez") and Defendant La Patrona Seafood & Cantina,

1

LLC ("La Patrona") for failure to appear, plead, or otherwise defend this action. Entry Default 1, ECF No. 35. Thereafter, Plaintiff moved for default judgment against both defendants. Pl.'s Mot. Default J., ECF No. 32. On January 30, 2025, Defendant Jimenez—but not Defendant La Patrona—moved to set aside the default and for leave to file an answer. Renewed Mot., ECF No. 66. On February 19, 2025, Judge Guaderrama granted Defendant Jimenez's Motion and ordered the Clerk of Court to docket Defendant Jimenez's Answer and issue an Amended Entry of Default specifying that only Defendant La Patrona is currently in default. Order Granting Def.'s Mot. 2, ECF No. 69. Defendant Jimenez's Answer and an Amended Entry of Default against Defendant La Patrona were subsequently filed. Def. Jimenez's Answer, ECF No. 70; Am. Entry Default, ECF No. 71.

Judge Guaderrama's February 19, 2025, Order specified that the undersigned was to analyze "whether the Court may permissibly enter a default judgment against Defendant La Patrona now that the litigation is actively proceeding against Defendant Jimenez." Order Granting Def.'s Mot. 2. As articulated below, the undersigned recommends that Judge Guaderrama not enter a default judgment against Defendant La Patrona because Plaintiff has alleged joint and several liability against both Defendants and litigation is still pending against Defendant Jimenez. Withholding entry of default judgment against Defendant La Patrona while litigation is pending against Defendant Jimenez avoids the risk of inconsistent judgments, a chief concern articulated in *Frow v. De La Vega*, 82 U.S. 552 (1872).

## II. LEGAL STANDARD

Under Rule 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a

judgment based on the default. *Id.*  Even when the defendant technically is in default, however, a party is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). There must be a sufficient basis in the pleadings for the judgment entered. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  Entry of a default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

### III.  DISCUSSION

The Court finds that it would be premature to enter a default judgment against Defendant La Patrona at this time because Plaintiff has alleged joint and several liability against both Defendants and litigation is still pending against Defendant Jimenez.  This issue is governed by the longstanding rule announced in *Frow v. De La Vega*, an 1872 Supreme Court case. *Frow v. De La Vega*, 82 U.S. 552 (1872).  *Frow* established that "when defendants are sued as jointly liable, and less than all default, the court may not enter default judgment against the defaulted defendants until the liability of the non-defaulted defendants has been decided." *Wieck v. Synrg. Royce LLC*, No. A-17-CV-599 LY, 2018 WL 620048, at *1 (W.D. Tex. Jan. 30, 2018), *report and recommendation adopted*, No. A-17-CV-599-LY, 2018 WL 4732083 (W.D. Tex. Aug. 17, 2018) (quoting *Levitation Arts, Inc. v. Fascinations Toys & Gifts, Inc.*, 2009 WL 10669490, at *3 (W.D. Tex. May 28, 2009)).  In *Frow*, the Supreme Court held:

> [I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others.  If it be decided in the complainant's favor, he will then be entitled to a final decree against all.  But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

*Frow*, 82 U.S. at 554.

Since *Frow*, several courts in the Western District of Texas have affirmed the principal that where a plaintiff alleges joint and several liability against multiple defendants, the court should withhold entering a default judgment against a defaulting defendant until adjudication is complete for the non-defaulting defendant. *See, e.g.*, *Wieck*, 2018 WL 620048, at *2 (finding that "before a joint and several judgment may be entered against [the defaulting defendants], [plaintiff] must first obtain a judgment against the answering defendants"); *Jones v. Allure Staffing Sols., LLC*, No. 1:19-CV-1057-RP, 2020 WL 5026871, at *2 (W.D. Tex. Aug. 24, 2020), *report and recommendation adopted*, No. 1:19-CV-1057-RP, 2020 WL 10054528 (W.D. Tex. Sept. 7, 2020) (holding that default judgment should not be entered yet against defaulting defendant where non-defaulting defendant answered and Plaintiff seeks to hold defendants jointly and severally liable).

District Courts delay entering default judgment against a defaulting defendant while litigation is pending against a non-defaulting defendant because it avoids the risk of inconsistent judgments, a chief concern articulated in *Frow*. *See Frow*, 82 U.S. at 554 ("[A] final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."); *see also Wieck*, 2018 WL 620048, at *1 ("If the court did otherwise, it might enter judgment for the plaintiff against the defaulting defendant, only to later enter judgment against the plaintiff on the same claim against the other defendant.").

Here, Plaintiff has asserted joint and several liability against Defendant Jimenez and Defendant La Patrona. Compl. 6. Because Defendant Jimenez has filed an answer, and because Plaintiff seeks to hold the Defendants jointly and severally liable, it would be inappropriate to enter a default judgment against Defendant La Patrona at this time while litigation against Defendant Jimenez remains pending.

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff's Motion for Default Judgment, ECF No. 32, with respect to Defendant La Patrona be **DENIED** without prejudice.

**SIGNED** and **ENTERED** this <u>24th</u> day of August 2025.

_____
**MIGUEL A. TORRES**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**